UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-102-KKC

AUDREY OSBORNE,                                                                                           PLAINTIFF,

V.                              **MAGISTRATE JUDGE'S REPORT
                                  AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                                          DEFENDANT.

## I. INTRODUCTION

Plaintiff, Audrey Osborne, brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for Disability Insurance Benefits (hereinafter "DIB"). This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that Plaintiff's motion for summary judgment [Record No. 8] be denied, Defendant Commissioner's motion for summary judgment [Record No. 9] be granted, and Judgment be entered affirming the final decision of the Commissioner.

## II. FACTUAL BACKGROUND

Plaintiff filed her application for DIB on August 9, 2004. [Tr. 19.] The claim was denied initially and on reconsideration. [Id.] At Plaintiff's request, an administrative hearing, presided over by Administrative Law Judge Timothy G. Keller (hereinafter "ALJ"), was conducted on April 20, 2006. [Id.] Plaintiff, accompanied by counsel, testified at the hearing. [Id.] Vocational expert Ralph M. Crystal (hereinafter "VE") was also present. [Id.] On September 25, 2006, the ALJ found

Plaintiff not disabled and thus not entitled to DIB. [Tr. 23.] The Appeals Council declined to review the ALJ's decision [Tr. 7] and Plaintiff now seeks judicial review.

Plaintiff was 57 at the time of the administrative hearing. [Tr. 158.] She has a sixth grade education and previously worked as a grill cook, cashier, factory worker and machine operator. [Tr. 23.] Her alleged onset of disability is July 7, 2004. [Tr. 19.] Plaintiff listed foot pain and arthritis as the sources of her disability. [Tr. 19-21.]

Plaintiff sought treatment in January 2004 for abdominal pain and was diagnosed with an inflammation in the transverse colon. There is no indication that this condition persisted or resulted in a disabling condition. [Tr. 118-25.] On September 29, 2004, Plaintiff was seen by Dr. James Owen for a consultative evaluation concerning complaints of foot and hand pain. A CT scan revealed a swollen distal first metatarsal and the Plaintiff was diagnosed with generalized osteoarthritis. [Tr. 22, 145-49.] Prior to this evaluation, Plaintiff was last seen for this condition in 2002. [Id.] The most recent visit concerning her condition was May 2005, although no restrictions were placed on the Plaintiff. [Tr. 196-98.] Finally, Plaintiff was diagnosed with thyroid cancer and was successfully treated via surgery. [Tr. 199.] Plaintiff does not allege that this condition is disabling in any way.

In determining whether a claimant is disabled, an ALJ undertakes a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520, 416.920. This process was summarized by the Sixth Circuit Court of Appeals in Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past

relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

336 F.3d at 474 (internal citations omitted).

At the first step of the sequential evaluation process in the instant case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. [Tr. 21.] At the second step, the ALJ found that Plaintiff's medically determinable impairments, foot pain and arthritis, were severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921. [Id.] At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. [Id.] At the fourth step, the ALJ found that, given the Plaintiff's residual functional capacity (hereinafter "RFC"), she was able to perform her past relevant work, See 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1), and thus was not disabled. [Id.]

An RFC evaluation is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567, *20 (6th Cir. Dec. 1, 2004). In this case, the ALJ found the Plaintiff's RFC to be the following:

> the claimant has the residual functional capacity to perform medium exertional level work. The claimant can occasionally lift and carry fifty pounds and frequently lift and carry twenty-five pounds. The claimant can stand and walk six hours out of an eight-hour workday and sit two hours out of an eight-hour workday.

[Tr. 21.]

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision

as the final decision of the Commissioner on March 31, 2007. [Tr. 8.] Plaintiff thereafter filed this action and the parties' motions for summary judgment [Record Nos. 9 & 10] are now ripe for review.

### III. ANALYSIS

A.  General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion" and is based on the record as a whole, taking into account what evidence fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey  v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th  Cir. 1999).

The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d

1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

### B. Evaluation of Alleged Pain

Plaintiff argues that the ALJ erred in his evaluation of her claims of disabling pain.  [R. 8 at 8.]  Specifically, Plaintiff argues that the ALJ summarily dismissed Plaintiff's claims without referencing "specific reasons" for concluding that the allegations of pain did not constitute proof of a disability.  [R. 8 at 9.]  Plaintiff also contends that the ALJ did not allow her to testify adequately concerning her pain.  [Id.]

As noted by the Commissioner and the ALJ, Plaintiff has failed to provide any objective medical evidence to support her claims of disabling pain.  [Tr. 19-23.]  By the Plaintiff's own admission [R. 8 at 8], a review of the objective medical evidence is central to an ALJ's evaluation of a claimant's allegations that the pain they experience is so severe as to prevent them from working.  The hearing transcript reveals that the ALJ took testimony from the Plaintiff, where she had ample opportunity to convey the severity of her pain, and also that the ALJ was acutely aware of the fact that no medical evidence had been placed in the record to support those claims.  [Tr. 319-26.]

Plaintiff was evaluated by several doctors, including agency medical experts, and all testing such as CT scans and X-Rays revealed no damage or condition that would support a claim of disabling pain.  [Tr. 145-67.]  Additionally, the ALJ asked Plaintiff's counsel if there was any other evidence to be presented concerning her allegations of pain, to which counsel replied: "I don't think so, your honor."  [Tr. 330.]  Finally, as the Commissioner notes, counsel for the Plaintiff had the

5

opportunity to question the Plaintiff concerning her foot pain, and chose not to do so.

### C. Question to the VE

Plaintiff's second claim of error is that the ALJ's question to the VE was inadequate. [R. 8 at 10.] Plaintiff claims that the ALJ's question did not "focus on the claimant's overall state" [Id.] and "did not include a full description of the claimant's condition." [Id.] The Commissioner responds, correctly, that the Sixth Circuit does not require a complete listing of the claimant's medical conditions, only his or her limitations. Webb v. Comm'r of Soc. Sec., 368 F.3d 629, 633 (6th Cir. 2004). In the instant case, the ALJ included in his question to the VE the most stringent restrictions listed among the medical expert who examined the Plaintiff or reviewed her medical records. In this case, the most stringent restrictions were provided by the state agency experts who completed RFC assessments of the Plaintiff. [Tr. 150-67.] These two medical experts concluded that the Plaintiff could perform medium level work and was restricted to only occasionally: balancing, climbing ladders, ropes or scaffolds. [Id.] The ALJ's question to the VE was as follows:

> Now if I were to find that Ms. Osborne had a limitation to medium work with lifting, carrying, pushing, pulling 50 pounds occasionally and 25 pounds frequently, able to sit, stand, and walk for six hours each during an eight hour work day with consideration to two hour breaks, was limited to only occasional climbing of ladders, ropes, and scaffolds and only occasional balancing, would she be able to return to any of that prior employment?

[Tr. 328.] The VE answered this question by stating that, under those conditions, the "past work could be performed" and would not be "limited or precluded." [Id.]

Again, the undersigned notes that none of the evidence presented by the Plaintiff included a recommendations for restricted activity. As the Commissioner argues [R. 9 at 7], the Sixth Circuit has held that "a lack of physical restrictions constitutes substantial evidence for a finding of non-disability." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 596 (6th Cir. 2005). It is clear from

6

Case: 5:07-cv-00102-KKC-EBA   Doc #: 11   Filed: 11/28/07   Page: 7 of 7 - Page ID#: 61

a review of the record and the ALJ's opinion that his conclusion that the Plaintiff is capable of performing her past relevant work and thus not disabled is based upon substantial evidence. No treating or examining physicians have placed any restrictions on her ability to work and the Plaintiff has offered no objective medical evidence to support her subjective claims of disability.

## IV.  CONCLUSION

Therefore, for the reasons set forth above, it is recommended that: Defendant Commissioner's motion for summary judgment [Record No. 9] be granted; Plaintiff's motion for summary judgment [Record No. 8] be denied; Judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice; and, that this action be stricken from the Court's docket.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed November 28, 2007.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge

7